# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
November 18, 2008 Session

## JAMES E. DYER, ET AL. v. HILL SERVICES PLUMBING AND HVAC

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-05-2304    Walter L. Evans, Chancellor

### No. W2008-00619-COA-R3-CV - Filed December 22, 2008

This appeal arises from a dispute between an employee and employer over life insurance coverage under a group insurance policy. The facts of this case are relatively straightforward; the procedural history, however, is surprisingly complicated. Ultimately, we dismiss for lack of a final judgment and remand to the trial court.

### Tenn. R. App. P 3; Appeal as of Right; Judgment of the Chancery Court Dismissed; and Remanded

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Reed L. Malkin, Memphis, TN, for Appellant
Steven R. Walker, Memphis, TN, for Appellant

Julia Beth Crews, Memphis, TN, for Appellee

### MEMORANDUM OPINION[1]

In November 2004, James Dyer was hired by Hill Services Plumbing and HVAC ("Hill Services"). Mr. Dyer completed enrollment forms in conjunction with his employment for among other things, life insurance coverage for himself and his spouse, Faye Dyer. Hill Services deducted

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the monthly premiums for the insurance coverage from his paycheck. Mr. Dyer's employment was terminated on March 31, 2005. On May 1, 2005, Mr. Dyer was reinstated by Hill Services. When he was rehired, Hill Services deducted the insurance premiums from his paycheck as it had before. On June 25, 2005, Ms. Dyer died. Mr. Dyer then made a claim under the group life insurance policy only to be informed that he had no life insurance coverage.

Seeking to recover the face amount ($50,000) of the lapsed insurance policy, Mr. Dyer, individually and as administrator of his wife's estate, filed a Complaint against Hill Services on December 20, 2005. The Complaint alleged that, by deducting the premiums from his paycheck, Mr. Dyer and Hill Services entered into an implied-in-fact contract under which Hill Services was required to provide life insurance for Mr. Dyer and his wife. Hill Services denied that such a contract existed.

Although Mr. Dyer never formally amended his Complaint, he asserted, in a Memorandum in Support for Summary Judgment, two additional claims for relief not contained in the Complaint. In this pleading, Mr. Dyer asserted that he was entitled to relief under the doctrine of equitable estoppel and that Hill Services failed to give notice of the termination of insurance coverage and of his right to convert the group policy to an individual policy upon termination of employment.[2] In response, Hill Services addressed both issues, but argued that the notice issue had not been previously alleged. On July 7, 2006, the trial court denied Mr. Dyer's summary judgment motion. The trial court did not state its reasons for the denial. Unfortunately, the requirement of Tenn. R. Civ. P. 56.04 for the trial court to state the legal grounds for denying a summary judgment motion had not yet taken effect.

Following a bench trial an Order was entered on February 29, 2008 dismissing the Complaint. The trial court made the following specific findings:

> There was no physical evidence introduced of a contract or a life insurance policy in effect between the Plaintiff and the Defendant.
> The Defendant is not an insurance company.
> The Plaintiff did not offer documentary proof that upon rehire he was offered the same benefits he received in his prior employment with the Defendant.
> The Plaintiff was not sure that he had life insurance until after the death of his wife.
> The deductions for life insurance premiums were made from the paychecks of the Plaintiff, but that, in and of itself, does not establish insurance absent the introduction of an insurance policy.
> There was no proof that any life insurance existed as of the day of the death of Plaintiff's wife.

---

[2]Plaintiff supported this argument by pointing to Tenn. Code Ann. § 56-7-2305(a)(3)(H) and a portion of a group policy insurance agreement between Hill Services and Business Men's Assurance Company of America ("BMA"). Plaintiff attached a portion of the BMA agreement to its summary judgment motion, but did not introduce it as an exhibit at trial. Accordingly, we do not consider the agreement's evidentiary value; we simply note that it was presented to the trial court. Tenn. R. App. P. 13(c).

On the basis of these findings, the Court dismissed Mr. Dyer's Complaint for Breach of Contract.

Mr. Dyer presents a single issue for review: whether the trial court erred in finding that Hill Services was not liable for the face amount of life insurance ($50,000) which was to have been in effect on the life of Mr. Dyer's wife. Mr. Dyer asserts that the trial court should have found the doctrine of equitable estoppel applicable and that Hill Services failed to provide Mr. Dyer with notice of his conversion right under the insurance policy.[3] Before addressing these issues, however, we must first determine whether this Court has subject matter jurisdiction to adjudicate this appeal. Tenn. R. App. P. 13(b).

Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). The court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998). The Tennessee Supreme Court has also held that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). Rule 3(a) of the Tennessee Rules of Appellate Procedure limits the subject matter jurisdiction of appellate courts to final judgments:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

*Id*. If the trial court did not adjudicate all of the parties' claims, it did not enter a final judgment. Without a final judgment, this Court does not have subject matter jurisdiction.

Mr. Dyer did not formally amend the Complaint to allege the two issues raised on appeal–notice and equitable estoppel. Tenn. R. Civ. P. 15.02, however, requires consideration of the proof presented at trial in addition to the pleadings:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to

---

[3]Mr. Dyer does not argue that the trial court erred in finding that an implied-in-fact contract did not exist. We recently held that when "a party makes no legal argument and cites no authority in support of a position, such issue is deemed waived and will not be considered on appeal." *Rodriguez v. Price*, No. E2007-02178-COA-R3-CV, 2008 WL 4457233 at *5 n. 2 (Tenn. Ct. App. Oct. 6, 2008). Accordingly, we will not consider the trial court's finding that an implied-in-fact contract did not exist.

the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. Provided, however, amendment after verdict so as to increase the amount sued for in the action shall not be permitted. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice that party in maintaining the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

*Id*. Accordingly, we are required to examine the record to determine whether the parties actually litigated the issues of notice and equitable estoppel.

We find that the parties did try the issue of equitable estoppel. At the close of the proof, the attorney for Hill Services specifically asked the trial court to find the doctrine of equitable estoppel inapplicable. Although the trial court's final Order does address this issue, the chancellor stated at the conclusion of the trial that there was no detrimental reliance by Mr. Dyer. Because detrimental reliance is an element of equitable estoppel, we find that the trial court effectively, if vaguely, ruled on this issue.

We also find that the parties litigated the notice issue. Counsel for Mr. Dyer questioned both witnesses at trial about whether Mr. Dyer was given notice of his conversion right under the policy. Counsel for Hill Services did not object to these questions. Because these questions were only relevant to the issue of notice, we find that, by not objecting, Hill Services tried the issue by consent. *See, e.g.*, ***Zack Cheek Bldrs. v. McLeod***, 597 S.W.2d 888, 890 (Tenn. 1980) ("Generally speaking trial by implied consent will be found where the party opposed to the amendment knew or should reasonably have known of the evidence relating to the new issue, did not object to this evidence, and was not prejudiced thereby."); ***Farrar v. Farrar***, 553 S.W.2d 741, 744 (Tenn. 1977). Finally, counsel for Hill Services specifically asked the trial court to make a finding on the issue of notice. Therefore, we find that the issue was litigated.

Although the parties litigated the issue of notice, we find that the trial court did not adjudicate this claim. The trial court, at the close of proof, found that Mr. Dyer was informed that he was required to reapply for life insurance coverage when he was rehired. This finding, however, does not address Mr. Dyer's claim that he had the right to receive notice of the conversion privilege when his employment was terminated on March 31, 2005. Because the trial court did not rule on this issue, the judgment is not final, and we are without jurisdiction to adjudicate the issue on appeal.

This matter is dismissed and remanded to the trial court. Costs of this appeal are taxed to the Appellant and his surety.

-4-

_____
J. STEVEN STAFFORD, J.